UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JOHNSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ANDREANA ANN TURANO MICHIELS, | ) | |
| BRIAN LUTZOW, ROBERT GARZA, | ) | JURY TRIAL DEMANDED |
| JAMES LAS COLAS, CHESTER BACH, | ) | |
| DAVE EVANS, EDWARD WINSTEAD, | ) | |
| MARGARET OGAREK, ASSISTANT | ) | |
| STATES ATTORNEY X, | ) | |
| CITY OF CHICAGO | ) | |
| ANITA ALVAREZ, | ) | |
| COOK COUNTY STATES ATTORNEY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY JOHNSON ("Plaintiff") by and through his

attorney Stephen L. Richards and makes the following complaint against Defendants

ANDREANA ANN TURANO MICHIELS, BRIAN LUTZOW, ROBERT GARZA, JAMES

LAS COLA, CHESTER BACH, DAVE EVANS, EDWARD WINSTEAD, MARGARET

OGAREK, ASSISTANT STATES ATTORNEY X, CITY OF CHICAGO, ANITA ALVAREZ,

COOK COUNTY STATES ATTORNEY   and states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color

   of law of Plaintiff's Civil Rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Anthony Johnson, is a United States of America Citizen and a resident of Chicago, Illinois.

5. Defendant Andreana Ann Turano Michiels is and at all times relevant to this suit an Assistant State's Attorney with the Cook County State's Attorney's Office. She is and at all times relevant to this suit a registered attorney in the State of Illinois. She is sued in her individual capacity.

6. Defendant Brian Lutzow is and at all times relevant to this suit a Detective in the Chicago Police Department. His Star Number is 21328. He is sued in his individual capacity.

7. Defendant Robert Garza is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

8. Defendant James Las Cola is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

9. Defendant Chester Bach is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

10. Defendant Dave Evans is and at all times relevant to this suit an officer in the Chicago Police Department. He is sued in his individual capacity.

11. Defendant Edward Winstead is and at all times relevant to this suit Detective in the Chicago Police Department. He is sued in his individual capacity.

12. Defendant Margaret Ogarek is and at all times relevant to this suit an Assistant State's Attorney with the Cook County State's Attorney's Office. She is and at all times relevant

to this suit a registered attorney in the State of Illinois. She is sued in her individual capacity.

13. Defendant Assistant States Attorney X is and at all times relevant to this suit an Assistant State's Attorney with the Cook County State's Attorney's Office. He is and at all times relevant to this suit a registered attorney in the State of Illinois. He is sued in her individual capacity.

14. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois.

15. Defendant Anita Alvarez is the Cook County States Attorney. She is sued in her official capacity.

## PROCEDURAL HISTORY

16. On June 1, 2004, Anthony Johnson was arrested for the first degree murder of Brandon Baity, which took place on October 1, 2003.

17. October 10, 2007. Anthony Johnson was convicted of first degree murder by a jury, and subsequently sentenced to 30 years in the Illinois Department for Corrections.

18. On September 30, 2010, the appellate court, in a Rule 23 decision, reversed Anthony Johnson's conviction and remanded for a new trial.

19. On May 22, 2012, Anthony Johnson was again convicted by a jury of first degree murder.

20. On July 12, 2012 he was sentenced to 47 years in the Illinois Department of Corrections.

21. On December 31, 2014, the appellate court reversed his conviction outright, finding that the state had not proved beyond a reasonable doubt that Anthony Johnson was guilty of first degree murder. *People v. Anthony Johnson*, 2014 Ill App (1st) 122459-B.

## FACTUAL ALLEGATIONS

22. At 8 p.m. on   December 4, 2003, Chicago police officers approached 17 year old Anthony Johnson on the street, took him into custody and transported him to a police station.

23. At the time Anthony Johnson was taken into custody, there was no probable cause for his arrest or reasonable suspicion for an investigatory stop.

24. Defendant James Las Colas held Anthony Johnson in custody, without probable cause, and interrogated him starting at 1 a.m. on December 5, 2003.

25. Detective James Las Colas interrogated Anthony Johnson without giving him *Miranda* warnings.

26. Defendant Edward Winstead held Anthony Johnson in custody, without probable cause, and interrogated him starting at 2:30 p.m. on December 5, 2003, lasting until 3 p.m. on December 5, 2003.

27. Defendant Edward Winstead interrogated Anthony Johnson without giving him Miranda warnings.

28. During the course of these interrogations, Anthony Johnson gave statements which were later used against him during trial.

29.  Nolan Swain was arrested on December 5, 2003  without probable cause by defendant Robert Garza, acting in concert with detective Edward Winstead. Swain was interrogated by detective Edward Winstead. Winstead held Nolan Swain without probable cause and interrogated him about the murder of Brandon Baity.

30. On May 7, 2004, Swain, together with other people, was picked up in a big drug sting and brought to a police station in Homan Square. He was beaten by police officers acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, James Las Colas and Edward Winstead. These officers punched him in the stomach and chest, kept in an air conditioned room all night without clothes, and otherwise coerced him into signing a written statement implicating Anthony Johnson in the murder of Brandon Baity. Following this beating, he gave Chester Bach and Dave Evans a written statement implicating Anthony Johnson.

31. During the course of these interrogations, Swain was promised leniency on the drug charges by the officers who beat him, and by detectives Brian Lutzow, Dave Evans, and Chester Bach, in return for implicating Anthony Johnson in the murder of Brandon Baity.

32. On May 8, 2004, defendant Andreana Ann Turano Michiels, an Assistant States Attorney, interviewed Nolan Swain with detective Brian Lutzow and promised Swain leniency on his drug case if he implicated Anthony Johnson in the murder of Brandon Baity.

33. On May 7, 2004, Rufus Johnson was arrested during a big drug sweep by two detectives acting in concert with defendants Andreana Ann Turano Michiels, Chester Bach, Dave Evans, Brian Lutzow, James Las Colas, and Edward Winstead.

34. After his arrest, these detectives told Rufus Johnson that he should "help" himself.

35. Assistant State's Attorney X, acting in concert with defendants Andreano Turano, Chester Bach, Dave Evans, Brian Lutzow, James Las Colas, Edward Winstead, was also present. The detectives told Rufus Johnson that there had been a couple of murders in his neighborhood and that if he wanted lesser jail time, that he should work with them. The

detectives told Johnson that Assistant State's Attorney X, who was present, was also going to be the prosecutor on his drug case. Assistant State's Attorney X stated that he could not directly promise anything, but they would "help each other" and that "one hand washes the other" and that "when it's time for us to present it in court, I got you." The detectives started telling Johnson a narrative, and that if he wanted to help himself that he had "better say that this is the way it went." This was the first time that Johnson had heard of Baity being shot.

36. After speaking with these detectives, Johnson was transferred to another police station, where he spoke with defendant Andreana Ann Turano Michiels.

37. Johnson met with Turano Michiels at a desk in an open office area. It was past midnight on May 8, 2004, and Johnson had been in custody for over 12 hours, without food; except for some chips, and without anything to drink or a chance to nap. Johnson told Turano Michiels what he had been told to say by the detectives and the assistant States Attorney.

38. Turano Michiels told Johnson that he had no choice but to give a written statement implicating Anthony Johnson. Johnson did so.

39. On May 21, 2004, Rufus Johnson met with defendant Margaret Ogarek, an assistant States Attorney, acting in concert with defendants Andreano Ann Turano Michiels, Chester Bach, Dave Evans, Brian Lutzow, James Las Colas, and Edward Winstead.

40. Ogarek provided Johnson with a copy of his statement and told him to "attest to the things" he had said in his statement.

41. Johnson then testified before the grand jury consistently with his statement, implicating Anthony Johnson in the murder of Brandon Baity.

6

42. Although Rufus Johnson faced 9 to 45 years imprisonment for drug conspiracy, he pled guilty and accepted an offer of only 4 years imprisonment. The assistant state's attorney whom Johnson met-when he was first arrested for the drug case was the same assistant state's attorney who was in court when the trial court accepted his plea deal on that case.

43. At Anthony Johnson's first trial for first degree murder, defendants Andreana Ann Turano Michiels, Brian Lutzow, Robert Garza, James Las Cola, Chester Bach, Dave Evans, Edward Winstead, Margaret Ogarek, and Assistant States Attorney X testified falsely against Anthony Johnson and thereby helped obtain his conviction.

44. At Anthony Johnson's second trial for first degree murder, defendants Andreana Ann Turano Michiels, Brian Lutzow, Robert Garza, James Las Cola, Chester Bach, Dave Evans, Edward Winstead, Margaret Ogarek, and Assistant States Attorney X testified falsely against Anthony Johnson and thereby helped obtain his conviction.

COUNT ONE

(42 U.S.C. Sec. 1983 FALSE ARREST AGAINST DEFENDANT JAMES LAS COLAS)

45. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

46. On September 4, 2011, Defendant James Las Colas arrested Anthony Johnson without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest was in violation of Anthony Johnson's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

47. Defendant James Las Colas unlawfully and maliciously arrested Anthony Johnson and

wrongfully detained him without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

48. The acts committed by defendant James Las Colas were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

49. WHEREFORE, Anthony Johnson prays for judgment against James Las Colas in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.


COUNT TWO

(42 U.S.C. Sec. 1983 FALSE ARREST AGAINST DEFENDANT EDWARD WINSTEAD)

50. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

51. On September 4, 2011, Defendant Edward Winstead arrested Anthony Johnson without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest was in violation of Anthony Johnson's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

52. Defendant Edward Winstead unlawfully and maliciously arrested Anthony Johnson and

wrongfully detained him without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

53. The acts committed by defendant Edward Winstead were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

54. WHEREFORE, Anthony Johnson prays for judgment against Edward Winstead in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT THREE

(42 U.S.C. Sec. 1983 FIFTH AMENDMENT VIOLATION  AGAINST DEFENDANT JAMES LAS COLAS)

55. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

56. On September 4, 2011, Defendant James Las Colas interrogated Anthony Johnson without giving him the required *Miranda* warnings. This interrogation was in violation of Anthony Johnson's rights secured under the Fifth and Fourteenth Amendments of the Constitution of the United States.

57. Defendant James Las Colas unlawfully and maliciously interrogated Anthony Johnson without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

58. The acts committed by defendant James Las Colas were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

59. WHEREFORE, Anthony Johnson prays for judgment against James Las Colas in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT FOUR

(42 U.S.C. Sec. 1983 FIFTH AMENDMENT VIOLATION AGAINST DEFENDANT EDWARD WINSTEAD)

60. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

61. On September 4, 2011, Defendant Edward Winstead interrogated Anthony Johnson without giving him the required *Miranda* warnings. This interrogation was in violation of Anthony Johnson's rights secured under the Fifth and Fourteenth Amendments of the Constitution of the United States.

62. Defendant Edward Winstead unlawfully and maliciously interrogated Anthony Johnson without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

63. The acts committed by defendant Edward Winstead were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

64. WHEREFORE, Anthony Johnson  prays for judgment against Edward Winstead  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT FIVE

(42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT EDWARD WINSTEAD)

65. Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

66. On May 7, 2004, defendant  Edward Winstead, acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, James Las Colas and  other unknown officers, caused the witness Nolan Swain to be beaten and coerced into giving a written false statement against Anthony Johnson.

67.  The beating and coercion of Swain was exculpatory information.

68. If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

69. Defendant Edward Winstead concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

70. These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

71. Defendant Edward Winstead unlawfully and maliciously suppressed this information n without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

72. The acts committed by defendant Edward Winstead were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

73. WHEREFORE, Anthony Johnson prays for judgment against Edward Winstead in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT SIX

### (42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT JAMES LAS COLAS)

74. Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

75. On May 7, 2004, defendant  James Las Colas, acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, Edward Winstead  and  other unknown officers, caused the witness Nolan Swain to be beaten and coerced into giving a written false statement against Anthony Johnson.

76.  The beating and coercion of Swain was exculpatory information.

77. If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

78. Defendant James Las Colas concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

79. These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

80. Defendant James Las Colas unlawfully and maliciously suppressed this information n without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

81. The acts committed by defendant James Las Colas were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

82. WHEREFORE, Anthony Johnson prays for judgment against James Las Colas in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT SEVEN

(42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST DEFENDANT CHESTER BACH)

83. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

84. On May 7, 2004, defendant Chester Bach, acting in concert with defendants James Las Colas, Dave Evans, Brian Lutzow, Edward Winstead and other unknown officers,

caused the witness Nolan Swain to be beaten and coerced into giving a written false statement against Anthony Johnson.

85.  The beating and coercion of Swain was exculpatory information.

86. If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

87. Defendant Chester Bach  concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

88. These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

89. Defendant Chester Bach   unlawfully and maliciously suppressed this information n without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

90. The acts committed by defendant Chester Bach  were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

91. WHEREFORE, Anthony Johnson  prays for judgment against Chester Bach   in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT EIGHT

### (42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST

### DEFENDANT DAVE EVANS)

92. Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

93. On May 7, 2004, defendant Dave Evans, acting in concert with defendants James Las Colas,  Chester Bach, Brian Lutzow, Edward Winstead  and  other unknown officers, caused the witness Nolan Swain to be beaten and coerced into giving a written false statement against Anthony Johnson.

94.  The beating and coercion of Swain was exculpatory information.

95. If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

96. Defendant Dave Evans  concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

97. These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

98. Defendant Dave Evans    unlawfully and maliciously suppressed this information n without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

99. The acts committed by defendant Dave Evans  were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

100.        WHEREFORE, Anthony Johnson  prays for judgment against Dave Evans   in a fair

and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT NINE

### (42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST DEFENDANT BRIAN LUTZOW )

101.    Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

102.    On May 7, 2004, defendant Brian Lutzow acting in concert with defendants James Las Colas, Chester Bach, Dave Evans, Edward Winstead and other unknown officers, caused the witness Nolan Swain to be beaten and coerced into giving a written false statement against Anthony Johnson.

103.     The beating and coercion of Swain was exculpatory information.

104.    If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

105.    Defendant Brian Lutzow concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

106.    These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

107.     Defendant Brian Lutzow     unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

108.     The acts committed by defendant Brian Lutzow   were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

109.     WHEREFORE, Anthony Johnson  prays for judgment against Brian Lutzow  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT  TEN

### (42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT BRIAN LUTZOW )

110.     Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

111.     On May 7, 2004, defendant Brian Lutzow  acting in concert with defendants James Las Colas,  Chester Bach,  Dave Evans, Edward Winstead, defendant Andreano Turano,   as well as other unknown officers, promised  the witness Nolan Swain leniency in return for giving a written false statement against Anthony Johnson.

112.      The promise of leniency to Swain was exculpatory information.

113.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

114.     Defendant Brian Lutzow  concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

115.     These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

116.     Defendant Brian Lutzow    unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

117.     The acts committed by defendant Brian Lutzow  were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

118.     WHEREFORE, Anthony Johnson  prays for judgment against Brian Lutzow  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT  ELEVEN

(42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT DAVE EVANS )

119.     Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

120.     On May 7, 2004, defendant Dave Evans,   acting in concert with defendants James Las Colas,  Chester Bach,  Brian Lutzow,  Edward Winstead, defendant Andreano Turano,   as well as other unknown officers, promised  the witness Nolan Swain leniency in return for giving a written false statement against Anthony Johnson.

121.    The promise of leniency to Swain was exculpatory information.

122.    If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

123.    Defendant Dave Evans   concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

124.    These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

125.    Defendant Dave Evans   unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

126.    The acts committed by defendant Dave Evans   were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

127.    WHEREFORE, Anthony Johnson  prays for judgment against Dave Evans   in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT  TWELVE

(42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT CHESTER BACH )

128.    Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

129.     On May 7, 2004, defendant Chester Bach acting in concert with defendants James Las Colas, Brian Lutzow, Dave Evans, Edward Winstead, defendant Andreano Turano, as well as other unknown officers, promised the witness Nolan Swain leniency in return for giving a written false statement against Anthony Johnson.

130.     The promise of leniency to Swain was exculpatory information.

131.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

132.     Defendant Chester Bach concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

133.     These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

134.     Defendant Chester Bach unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

135.     The acts committed by defendant Chester Bach were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

136.     WHEREFORE, Anthony Johnson prays for judgment against Chester Bach in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT THIRTEEN

(42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST

DEFENDANT ANDREANA ANN TURANO MICHIELS)

137.　　Plaintiff re-alleges all prior paragraphs　as if fully repleaded herein.

138.　　On May 7, 2004, defendant Andreano Ann Turano Michiels　acting in concert

with defendants James Las Colas,　Brian Lutzow,　Dave Evans, Edward Winstead,

defendant Chester Bach,　as well as other unknown officers, promised　the witness Nolan

Swain leniency　in return for giving a written false statement against Anthony Johnson.

139.　　 The promise of leniency to Swain was exculpatory information.

140.　　If this information had been known to Anthony Johnson's attorneys, there is a

reasonable probability that Anthony Johnson would have been acquitted of the charges

against him.

141.　　Defendant Andreano Ann Turano Michiels concealed this information and failed

to reveal it to Anthony Johnson or his attorneys.

142.　　These actions violated Anthony Johnson's rights secured under the due process

clause of the　Fourteenth Amendment to　the Constitution of the United States.

143.　　Defendant Andreano Ann Turano Michiels　unlawfully and maliciously

suppressed this information without any legal right to do so, in his official capacity as a

law enforcement officer, under color of state law, and acting within the scope of　his

employment.

144.　　The acts committed by defendant Andreano Ann Turano Michiels were done

wantonly, intentionally, and with reasonable certainty that the acts were in violation of

the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

145.     WHEREFORE, Anthony Johnson  prays for judgment against Andreano Ann Turano Michiels  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus,

Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT  FOURTEEN

(42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT BRIAN LUTZOW )

146.     Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

147.     On May 7, 2004, defendant Brian Lutzow  acting in concert with defendants James Las Colas,  Chester Bach,  Dave Evans, Edward Winstead, defendant Andreano Ann Turano Michiels,  and Assistant States Attorney X,  as well as other unknown officers, promised  the witness Rufus Johnson  leniency  in return for giving a written false statement against Anthony Johnson.

148.      The promise of leniency to Rufus Johnson was exculpatory information.

149.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

150.     Defendant Brian Lutzow   concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

22

151.     These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

152.     Defendant Brian Lutzow    unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

153.     The acts committed by defendant Brian Lutzow  were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

154.     WHEREFORE, Anthony Johnson  prays for judgment against Brian Lutzow  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT  FIFTEEN

(42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST

DEFENDANT DAVE EVANS )

155.     Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

156.     On May 7, 2004, defendant Dave Evans,   acting in concert with defendants James Las Colas,  Chester Bach,  Dave Evans, Edward Winstead, defendant Andreano Ann Turano Michiels,  and Assistant States Attorney X,  as well as other unknown officers,  promised  the witness Rufus Johnson  leniency  in return for giving a written false statement against Anthony Johnson.

157.      The promise of leniency to Rufus Johnson was exculpatory information.

158.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

159.     Defendant Dave Evans   concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

160.     These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

161.     Defendant Dave Evans   unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

162.     The acts committed by defendant Dave Evans    were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

163.     WHEREFORE, Anthony Johnson  prays for judgment against Dave Evans   in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

### COUNT  SIXTEEN

### (42 U.S.C. Sec. 1983 DUE PROCESS  BRADY VIOLATION  AGAINST DEFENDANT CHESTER BACH )

164.     Plaintiff re-alleges all prior paragraphs   as if fully repleaded herein.

165.     On May 7, 2004, defendant Chester Bach acting in concert with defendants  Brian Lutzow , James Las Colas,  Dave Evans, Edward Winstead,  Andreano Ann Turano Michiels,  and Assistant States Attorney X,  as well as other unknown officers promised the witness Rufus Johnson  leniency  in return for giving a written false statement against Anthony Johnson.

166.      The promise of leniency to Rufus Johnson  was exculpatory information.

167.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

168.     Defendant Chester Bach concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

169.     These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

170.     Defendant Chester Bach     unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of  his employment.

171.     The acts committed by defendant Chester Bach   were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

172.     WHEREFORE, Anthony Johnson  prays for judgment against Chester Bach   in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus,

Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT SEVENTEEN

(42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST DEFENDANT ANDREANA ANN TURANO MICHIELS)

173.    Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

174.    On May 7, 2004, defendant Andreano Ann Turano Michiels acting in concert with defendants James Las Colas, Brian Lutzow, Dave Evans, Edward Winstead, Chester Bach, and Assistant States Attorney X, as well as other unknown officers, promised the witness Rufus Johnson leniency in return for giving a written false statement against Anthony Johnson.

175.    The promise of leniency to Rufus Johnson was exculpatory information.

176.    If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

177.    Defendant Andreano Ann Turano Michiels concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

178.    These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

179.    Defendant Andreano Ann Turano Michiels unlawfully and maliciously suppressed this information without any legal right to do so, in her official capacity as a

law enforcement officer, under color of state law, and acting within the scope of her employment.

180.     The acts committed by defendant Andreano Ann Turano Michiels were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

181.     WHEREFORE, Anthony Johnson prays for judgment against Andreano Ann Turano Michiels in a fair and just amount sufficient to compensate him for the injuries he suffered, plus.

## COUNT EIGHTEEN

### (42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST DEFENDANT ASSISTANT STATES ATTORNEY X)

182.     Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

183.     On May 7, 2004, defendant Assistant States Attorney X acting in concert with defendants James Las Colas, Brian Lutzow, Dave Evans, Edward Winstead, Chester Bach, and Andreano Ann Turano Michiels, as well as other unknown officers, promised the witness Rufus Johnson leniency in return for giving a written false statement against Anthony Johnson.

184.      The promise of leniency to Rufus Johnson was exculpatory information.

185.     If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

186.     Defendant Assistant States Attorney X concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

187.    These actions violated Anthony Johnson's rights secured under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

188.    Defendant unlawfully and maliciously suppressed this information without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

189.    The acts committed by defendant Assistant States Attorney X were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

190.    WHEREFORE, Anthony Johnson prays for judgment against Assistant States Attorney X in a fair and just amount sufficient to compensate him for the injuries he suffered, plus,

Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT NINETEEN

(42 U.S.C. Sec. 1983 DUE PROCESS BRADY VIOLATION AGAINST

DEFENDANT MARGARET OGAREK)

191.    Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

192.    On May 21, 2004, defendant Margaret Ogarek, acting in concert with defendants James Las Colas, Brian Lutzow, Dave Evans, Edward Winstead, Chester Bach, and Andreano Ann Turano Michiels and Assistant States Attorney X, as well as other unknown officers, promised the witness Rufus Johnson leniency in return for giving a false grand jury testimony against Anthony Johnson.

193.    The promise of leniency to Rufus Johnson  was exculpatory information.

194.    If this information had been known to Anthony Johnson's attorneys, there is a reasonable probability that Anthony Johnson would have been acquitted of the charges against him.

195.    Defendant Margaret Ogarek   concealed this information and failed to reveal it to Anthony Johnson or his attorneys.

196.    These actions violated Anthony Johnson's rights secured under the due process clause of the  Fourteenth Amendment to  the Constitution of the United States.

197.    Defendant unlawfully and maliciously suppressed this information without any legal right to do so, in her  official capacity as a law enforcement officer, under color of state law, and acting within the scope of  her  employment.

198.    The acts committed by defendant Assistant States Attorney Margaret Ogarek were done  wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

199.    WHEREFORE, Anthony Johnson  prays for judgment against Assistant States Attorney Margaret Ogarek  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus,

Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

**Pendant State Law Claims**

## COUNT TWENTY

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT EDWARD WINSTEAD)

200.     Plaintiff incorporates by reference all allegations previously made.

201.     On May 7, 2004, defendant  Edward Winstead, acting in concert with other defendants commenced the prosecution of Anthony Johnson be arresting him, interrogating him, and by testifying falsely against him.

202.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

203.     There was no probable cause for the indictment of Anthony Johnson.

204.     In commencing the prosecution against Anthony Johnson, arresting him, interrogating him, and testifying falsely against him, Edward Winstead acted with malice towards plaintiff, and was motivated by hostility or ill will.

205.     As a result of Edward Winstead's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

206.     WHEREFORE, Anthony Johnson  prays for judgment against Edward Winstead in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT TWENTY ONE

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT
### JAMES LAS COLAS)

207.     Plaintiff incorporates by reference all allegations previously made.

208.     On May 7, 2004, defendant James Las Colas, acting in concert with other

defendants commenced the prosecution of Anthony Johnson be arresting him,

interrogating him, and by testifying falsely against him.

209.     The prosecution was terminated in Anthony Johnson's favor by the appellate

court's reversal of his conviction on December 31, 2014.

210.     There was no probable cause for the indictment of Anthony Johnson.

211.     In commencing the prosecution against Anthony Johnson, arresting him,

interrogating him, and testifying falsely against him, James Las Colas acted with malice

towards plaintiff, and was motivated by hostility or ill will.

212.     As a result of James Las Colas's actions, Anthony Johnson suffered damages: to

wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

213.     WHEREFORE, Anthony Johnson  prays for judgment against James Las Colas in

a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus,

Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants,

costs and reasonable attorney fees, and all such .other relief as this Court finds just and

equitable.

## COUNT TWENTY TWO

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT )

214.     Plaintiff incorporates by reference all allegations previously made.

215.     On May 7, 2004, defendant James Las Colas, acting in concert with other defendants commenced the prosecution of Anthony Johnson be arresting him, interrogating him, and by testifying falsely against him.

216.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

217.     There was no probable cause for the indictment of Anthony Johnson.

218.     In commencing the prosecution against Anthony Johnson, arresting him, interrogating him, and testifying falsely against him, James Las Colas acted with malice towards plaintiff, and was motivated by hostility or ill will.

219.     As a result of James Las Colas's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

220.     WHEREFORE, Anthony Johnson  prays for judgment against James Las Colas in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT TWENTY THREE

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT ROBERT GARZA)

221.     Plaintiff incorporates by reference all allegations previously made.

222.     On May 7, 2004, defendant Robert Garza,  acting in concert with other defendants commenced the prosecution of Anthony Johnson by arresting him.

223.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

224.     There was no probable cause for the indictment of Anthony Johnson.

225.     In commencing the prosecution against Anthony Johnson by arresting him, Robert Garza  acted with malice towards plaintiff, and was motivated by hostility or ill will.

226.     As a result of Robert Garza's  actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

227.     WHEREFORE, Anthony Johnson  prays for judgment against Robert Garza in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT TWENTY FOUR

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT CHESTER BACH)

228.     Plaintiff incorporates by reference all allegations previously made.

229.     On May 7, 2004, defendant Chester Bach,  acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements  of Nolan Swain  and Rufus Johnson.

230.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

231.     There was no probable cause for the indictment of Anthony Johnson.

232.     In commencing the prosecution against Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson, Chester Bach   acted with malice towards plaintiff, and was motivated by hostility or ill will.

233.     As a result of Chester Bach's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

234.     WHEREFORE, Anthony Johnson  prays for judgment against Chester Bach in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT TWENTY FIVE

MALICIOUS PROSECUTION ( AGAINST DEFENDANT DAVE EVANS)

235.     Plaintiff incorporates by reference all allegations previously made.

236.     On May 7, 2004, defendant Dave Evans, acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson.

237.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

238.     There was no probable cause for the indictment of Anthony Johnson.

239.     In commencing the prosecution against Anthony Johnson by obtaining the false statement of Nolan Swain and Rufus Johnson, Dave Evans  acted with malice towards plaintiff, and was motivated by hostility or ill will.

240.     As a result of Dave Evan's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

241.     WHEREFORE, Anthony Johnson  prays for judgment against Dave Evans  in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus,

Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT TWENTY SIX

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT BRIAN LUTZOW)

242.    Plaintiff incorporates by reference all allegations previously made.

243.    On May 7, 2004, defendant Brian Lutzow, acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson.

244.    The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

245.    There was no probable cause for the indictment of Anthony Johnson.

246.    In commencing the prosecution against Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson, Brian Lutzow acted with malice towards plaintiff, and was motivated by hostility or ill will.

247.    As a result of Brian Lutzow's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

248.    WHEREFORE, Anthony Johnson prays for judgment against Brian Lutzow in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT TWENTY SIX

## MALICIOUS PROSECUTION ( AGAINST DEFENDANT
## ANDREANA ANN TURANO MICHIELS)

249.     Plaintiff incorporates by reference all allegations previously made.

250.     On May 7, 2004, defendant Andreana Ann Turano Michiels   acting in concert

with other defendants commenced the prosecution of Anthony Johnson by obtaining the

false statements of Nolan Swain and Rufus Johnson.

251.     The prosecution was terminated in Anthony Johnson's favor by the appellate

court's reversal of his conviction on December 31, 2014.

252.     There was no probable cause for the indictment of Anthony Johnson.

253.     In commencing the prosecution against Anthony Johnson by obtaining the false

statements of Nolan Swain and Rufus Johnson, Andreana Ann Turano Michiels,    acted

with malice towards plaintiff, and was motivated by hostility or ill will.

254.     As a result of Andreana Ann Turano Michiels's  actions, Anthony Johnson

suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and

other damages.

255.     WHEREFORE, Anthony Johnson  prays for judgment against Andreana Ann

Turano Michiels   in a fair and just amount sufficient to compensate him  for the injuries

he  suffered, plus,

Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants,

costs and reasonable attorney fees, and all such .other relief as this Court finds just and

equitable.

## COUNT TWENTY SEVEN

### MALICIOUS PROSECUTION ( AGAINST DEFENDANT ASSISTANT STATES ATTORNEY X)

256.     Plaintiff incorporates by reference all allegations previously made.

257.     On May 7, 2004, defendant Assistant States Attorney X,   acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statement of  Rufus Johnson.

258.     The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

259.     There was no probable cause for the indictment of Anthony Johnson.

260.     In commencing the prosecution against Anthony Johnson by obtaining the false statement of Rufus Johnson, defendant  Assistant States Attorney X   acted with malice towards plaintiff, and was motivated by hostility or ill will.

261.     As a result of the actions of Assistant States Attorney X,  Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

262.     WHEREFORE, Anthony Johnson  prays for judgment against defendant Assistant States Attorney X     in a fair and just amount sufficient to compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT TWENTY EIGHT

MALICIOUS PROSECUTION ( AGAINST DEFENDANT
ASSISTANT STATES ATTORNEY MARGARET OGAREK)

263.      Plaintiff incorporates by reference all allegations previously made.

264.      On May 7, 2004, defendant   Margaret Ogarek,   acting in concert with other

defendants commenced the prosecution of Anthony Johnson by obtaining the false grand

jury testimony  of  Rufus Johnson.

265.      The prosecution was terminated in Anthony Johnson's favor by the appellate

court's reversal of his conviction on December 31, 2014.

266.      There was no probable cause for the indictment of Anthony Johnson.

267.      In commencing the prosecution against Anthony Johnson by obtaining the false

grand jury testimony  of Rufus Johnson, defendant  Assistant States Attorney Margaret

Ogarek   acted with malice towards plaintiff, and was motivated by hostility or ill will.

268.      As a result of the actions of Assistant States Attorney Margaret Ogarek,   Anthony

Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional

distress, and other damages.

269.      WHEREFORE, Anthony Johnson  prays for judgment against defendant

Assistant States Attorney Margaret Ogarek    in a fair and just amount sufficient to

compensate him  for the injuries he  suffered, plus, Anthony Johnson seeks  a substantial

sum in punitive damages against the Defendants, costs and reasonable attorney fees, and

all such .other relief as this Court finds just and equitable.

COUNT TWENTY NINE

INDEMNIFICATION AGAINST DEFENDANT CITY OF CHICAGO

270.    Plaintiff  re-alleges all  paragraphs as if fully re-pleaded herein.

271.    Illinois law provides that public entities, such as Defendant City, are directed
to pay any compensatory damages on a tort judgment against an employee
who was acting within the scope of his or her employment.

272.    At all relevant times, Defendant Officers were agents of Defendant City of
Chicago and  of the Chicago  Police Department acting within the scope of their
employment. Defendant City, therefore, is liable as principal for all torts
committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff  prays for judgment against Defendants in a fair and just
amount sufficient to compensate him  for the injuries he  suffered, plus,  plaintiff  seeks
costs and reasonable attorney fees, and all such other relief as this Court finds just and
equitable.

COUNT THIRTY

INDEMNIFICATION AGAINST DEFENDANT ANITA A. ALVAREZ, COOK COUNTY
STATES ATTORNEY

273.    Plaintiff  re-alleges all  paragraphs as if fully re-pleaded herein.
Illinois law provides that public entities, such as Defendant Anita A. Alvarez, are
directed to pay any compensatory damages on a tort judgment against an
employee who was acting within the scope of his or her employment.

274.    At all relevant times, Defendant Assistant States Attorneys were agents of Defendant Anita A. Alvarez and were acting within the scope of their employment. Defendant Anita A. Alvarez, therefore, is liable as principal for all torts committed by its agents, Assistant States Attorneys.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this honorable court to grant the Plaintiff ANTHONY JOHNSON judgment against all Defendants in a fair and just amount. Specifically the Plaintiff prays for both compensatory and punitive damages against all Defendants in addition to costs and reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (b), the Plaintiff ANTHONY JOHNSON

demands trial by jury for all the issues pleaded.


ANTHONY JOHNSON

Plaintiff,
/s/ Stephen L. Richards
By: Stephen L. Richards
Attorney for Plaintiff
651 W. Washington Blvd.
Suite 205
Chicago, IL 60661
773-817-6927
sricha5461@aol.com
Attorney No: 6191946