## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15 C 7177** |
| | ) | |
| **CITY OF CHICAGO, et al.,** , | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Brian Lutzow's (Lutzow),

Defendant Robert Garza's (Garza), Defendant James Las Cola's (Las Cola),

Defendant Chester Bach's (Bach), Defendant David Evans' (Evans), Defendant

Edward Winstead's (Winstead), and Defendant City of Chicago's (City) (collectively

referred to as "City Defendants") motion to dismiss. This matter is also before the

court on Defendant Assistant State's Attorney Margaret Ogarek's (Ogarek),

Defendant Assistant State's Attorney Andreana Ann Turano Michaels' (Michaels),

Defendant Assistant State's Attorney Kevin Hughes' (Hughes), and Defendant

State's Attorney of Cook County, Anita Alvarez's (Alvarez) (collectively referred to

as "ASA Defendants") motion to dismiss. For the reasons stated below, the motion

to dismiss the federal claims is granted, the motion to dismiss the indemnification

1

claim brought against Alvarez is granted, and the state law claims are dismissed without prejudice.

## BACKGROUND

On December 4, 2003, Plaintiff Anthony Johnson (Johnson) was allegedly taken into custody by Las Cola and Winstead and was brought to a City police station (Station). Johnson contends that Las Cola and Winstead lacked probable cause for his arrest and lacked reasonable suspicion for an investigatory stop. Las Cola, allegedly held Johnson in custody at the Station and interrogated him starting at 1:00 a.m. on December 5, 2003, without reading Johnson his *Miranda* warnings. Winstead then allegedly interrogated Johnson on December 5, 2003, from 2:30 p.m. to 3:00 p.m. again without reading Johnson his *Miranda* warnings. Johnson allegedly gave statements during the interrogations that were later used against him during his trials. Later on December 5, 2003, Johnson was allegedly released.

In May 2004, certain City Defendants allegedly met with Nolan Swain (Swain) and Rufus Johnson (R. Johnson), who had been arrested and were facing charges. Johnson contends that Swain was coerced into giving a false statement regarding Johnson. Johnson also alleges that Swain and R. Johnson were promised leniency in their cases in order to induce them to give false statements about Johnson. Johnson was allegedly eventually arrested and charged with murder.

On October 10, 2007, Johnson was convicted by a jury of first-degree murder and sentenced to 30 years in the Illinois Department for Corrections. On appeal, the

Illinois Appellate Court vacated the conviction and remanded the case for a new trial. On May 22, 2012, Johnson was again convicted by a jury and on July 12, 2012, he was sentenced to 47 years in the Illinois Department for Corrections. On December 31, 2014, the Illinois Appellate Court allegedly reversed the conviction, freeing Johnson from prison. On August 15, 2015, Johnson brought the instant action and includes in his complaint a false arrest claim brought against Las Cola pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), a Section 1983 false arrest claim brought against Winstead (Count II), a Section 1983 Fifth Amendment claim brought against Las Cola (Count III), a Section 1983 Fifth Amendment claim brought against Winstead (Count IV), a Section 1983 due process claim brought against Winstead (Count V), a Section 1983 due process claim brought against Las Cola (Count VI), Section 1983 due process claims brought against Bach (Counts VII, XII, XVI), Section 1983 due process claims brought against Evans (Counts VIII, XI, XV), Section 1983 due process claims brought against Lutzow (Counts IX, X, XIV), Section 1983 due process claims brought against Michaels (Count XIII, XVII), a Section 1983 due process claim brought against Hughes (Count XVIII), a Section 1983 due process claim brought against Ogarek (Count XIX), malicious prosecution claims brought against Winstead, Las Cola, Garza, Bach, Evans, Lutzow, Michaels, Hughes, Ogarek (Counts XX-XXVIII), and indemnification claims brought against the City and Alvarez (Counts XXIX-XXX). City Defendants and ASA Defendants now move to dismiss all claims brought against them.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

# DISCUSSION

I.  City Defendants' Motion to Dismiss

City Defendants move to dismiss all claims brought against them.


A.  Section 1983 False Arrest Claims

Defendants argue that the Section 1983 false arrest claims are time-barred. There is a two-year statute of limitations period for Section 1983 claims brought in Illinois. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016)(stating that "[f]ederal law, however, governs the accrual date for § 1983 claims, which is when the plaintiff knows or should know that his or her constitutional rights have been violated")(internal quotations omitted)(quoting *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)).  In *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006), the Seventh Circuit affirmed the district court's ruling that a false arrest claim begins to acrue at the time of the arrest.  *Id.* at 427-28 (affirming district court decision in *Wallace v. City of Chicago*, 472 F. Supp. 2d 942 (N.D. Ill. 2004), and subsequently affirmed in *Wallace v. Kato*, 549 U.S. 384 (2007)).  In the instant action, Johnson alleges that he was arrested on June 1, 2004.  Thus, the instant action filed in 2015 is well beyond the limitations period.  The court also notes that Johnson in response to the instant motion acknowledges that pursuant to *Wallace* the claims are time-barred. (Resp. City 2).  Therefore, City Defendants' motion to dismiss the Section 1983 false arrest claims is granted.


B.  Section 1983 Fifth Amendment Claims

5

City Defendants argue that the Section 1983 Fifth Amendment claims are time-barred. City Defendants point to *Wallace*, which held that "the standard rule" is "that [accrual occurs] when the plaintiff has a complete and present cause of action. . . ." 549 U.S. at 388 (internal quotations omitted)(quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The basis for Johnson's Section 1983 Fifth Amendment claims is that the statements (Statements) made by Johnson during interrogations at the Station were later used against him. City Defendants argue that the latest point that the Statements could have been used against Johnson would have been in October 2007 when his first trial occurred. City Defendants contend that the Section 1983 Fifth Amendment claims were a complete and present cause of action in 2007 and that the claims filed in 2015 are thus untimely.

Johnson argues that the Section 1983 Fifth Amendment claims did not accrue until his conviction was vacated in December 14, 2003, based on *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held "that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside." *Okoro v. Callaghan*, 324 F.3d 488, 489 (7th Cir. 2003). City Defendants urge the court to apply the logic in *Wallace* to Fifth Amendment claims and find that *Heck* did not delay the accrual of the claims in this case. Johnson points to *Hill v. Murphy*, 785 F.3d 242 (7th Cir. 2015), *Moore v. Burge*, 771 F.3d 444 (7th Cir. 2014) and *Matz v. Klotka*, 769 F.3d 517 (7th Cir. 2014), arguing that the Seventh Circuit found that *Heck* applied to Fifth Amendment

claims. (Resp. City 3-4). However, as City Defendants correctly point out, such cases included facts that were distinguishable from the instant action. In this action, Johnson has limited his Fifth Amendment claims to the alleged fact that he was not given the required *Miranda* warnings in accordance when interrogated. (A. Compl. Par. 56, 61). In *Hill*, the plaintiff claimed he was coerced by law enforcement into making a statement. 785 F.3d at 244. The Court in *Hill* referenced *Wallace*, but did so in regard to its application to Fourth Amendment claims. *Id.* at 245. In *Moore*, the plaintiff also asserted that law enforcement physically coerced him to make statements. 771 F.3d at 445-46. In *Matz* the plaintiff asserted that he was read his *Miranda* warnings and that police improperly interrogated him after asserting his right to remain silent. 796 F.3d at 530. In *Matz*, which presents the closest factual record to the instant action, the Court did not address whether *Wallace* would apply to the Fifth Amendment claims. *Id.* In *Franklin v. Burr*, 535 F. App'x 532 (7th Cir. 2013), in an unpublished opinion, the Seventh Circuit specifically applied the reasoning in *Wallace* to the Fifth Amendment context and concluded that, where the plaintiff had asserted that he was interrogated after requesting counsel, the accrual of such a claim was not deferred by *Heck*. *Id.* at 533-34.

In the instant action, the record shows that the Statements were used against Johnson in 2007 at his trial. At that point the constitutional tort was complete and Johnson would have had full knowledge of the fact that the statements were allegedly obtained without *Miranda* warnings and that his Fifth Amendment rights had allegedly been violated. Nor would a finding in this case that Johnson was not read

*Miranda* warnings prior to the Statements imply the invalidity of his conviction. In *Heck*, the Court explained that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." 512 U.S. at 486-87. In the instant action, Johnson is not seeking in his Fifth Amendment claims to challenge his conviction directly or indirectly. Nor does Johnson's Fifth Amendment claim technically even challenge the accuracy of the Statements. Johnson's Fifth Amendment claims merely assert that he was denied his Fifth Amendment right against self-incrimination by not receiving *Miranda* warnings. The *Miranda* warning requirements are in place to further the Fifth Amendment protections against self incrimination. *Chavez v. Martinez*, 538 U.S. 760, 770 (2003).

City Defendants have also shown that there was ample other evidence in the absence of the Statements upon which to convict Johnson. This is not a case involving a criminal proceeding where the conviction was primarily dependent upon a confession. The record also indicates that the Statements were actually helpful for Johnson's cases in several ways. City Defendants point out that the *Miranda* issue was not even material enough in Johnson's view to warrant raising the issue during either of his appeals before the state court. Based on the above, Johnson's Section 1983 Fifth Amendment claims are time-barred in accordance with the reasoning in *Wallace*. Nor has Johnson shown that any equitable tolling is warranted in this instance. Therefore, City Defendants' motion to dismiss the Section 1983 Fifth

Amendment claims is granted.

C.  Section 1983 Due Process Claims

City Defendants move to dismiss the Section 1983 due process claims. Johnson's Section 1983 due process claims are based upon an alleged failure to disclose exculpatory information as required by *Brady v. Maryland*, 373 U.S. 83 (1963).  In order to establish a *Brady* violation, "a defendant must point to specific evidence that was (1) favorable to the defense; (2) suppressed by the government; and (3) material to an issue at trial."  *United States v. Lawson*, 810 F.3d 1032, 1042 (7th Cir. 2016).  Johnson contends that City Defendants failed to disclose evidence indicating that Swain may have been coerced and that Swain and R. Johnson may have been promised leniency.  However, as City Defendants correctly point out, the record identified by Johnson himself shows that based on the testimony of Swain and R. Johnson at Johnson's trial, Johnson was aware of such allegations.  The opinion by the Illinois Appellate Court in 2013, indicates that Swain testified at trial as to the alleged coercion and promise of leniency.  *People v. Johnson*, 2013 IL App (1st) 122459, ¶ 29-33.  In the September 30, 2010 order by the Illinois Appellate Court, the court indicated that both Swain and R. Johnson had testified that they had made statements in exchange for promises of leniency.  (DE 38-8, 6-7).  This court may consider such portions of the public record when ruling on this motion to dismiss. *See White v. Keely*, 814 F.3d 883, 886 n.2 (7th Cir. 2016)(stating that a court may "take judicial notice of public records, including public court documents, in ruling on

a motion to dismiss under Rule 12(b)(6)"). Thus, Johnson has not shown that any material exculpatory information was suppressed. Johnson now argues that he was not given the identities of the officers involved at trial and that such information was not disclosed. However, such information could easily have been obtained by Johnson with the exercise of reasonable diligence and Johnson does not explain why he did not pursue such information at trial. Nor did Johnson assert in his amended complaint that the suppression of the identities of the officers is a basis for his Section 1983 due process claims. (A. Compl. Par. 66, 75, 84, 93, 102, 111, 120, 129, 138, 147, 156, 165, 174, 183, 192). Therefore, City Defendants' motion to dismiss the Section 1983 due process claims is granted.

## II.  ASA Defendants' Motion

ASA Defendants move to dismiss all claims brought against them. In regard to the Section 1983 due process claims brought against ASA Defendants, for the same reasons stated above, such claims cannot stand. The record shows that there was no suppression of exculpatory information. In addition, even if Johnson had alleged facts to state Section 1983 due process claims against ASA Defendants, such claims would be barred due to ASA Defendants' absolute prosecutorial immunity. Government prosecutors are protected by "absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial" and "this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 2016 WL 1213270, at *4 (7th

Cir. 2016)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Johnson argues that ASA Defendants should not be accorded absolute immunity, contending that ASA Defendants acted as investigators rather than prosecutors when engaging in the alleged conduct. *See id.* (stating that "prosecutors acting in an investigative capacity may claim only qualified immunity"). However, the only federal claims brought against ASA Defendants are the Section 1983 due process claims, which are based upon alleged *Brady* violations. Such alleged conduct involved discovery obligations and related to the inherent prosecutorial function of ASA Defendants. Johnson has not alleged any facts that would indicate that ASA Defendants acted outside the scope of their absolute immunity. Therefore, ASA Defendants' motion to dismiss the Section 1983 due process claims is granted.

The court also notes that in regard to the indemnification claim brought against Alvarez, Johnson has also agreed to dismiss the claim. (Resp. ASA 9). Therefore, such indemnification claim is dismissed as well. The court also notes that Johnson also requests leave in the alternative to file an amended complaint to address ASA Defendants' motion to dismiss. However, based on the record, it appears that any amendment would be futile, and Johnson has not adequately explained the basis for the proposed amendment. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)(internal quotations omitted)(quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))(stating that district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would

be futile" and that "[a] motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment"). Therefore, the request for leave to amend is denied.

### III. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss the federal claims, and ASA Defendants' motion to dismiss the indemnification claim brought against Alvarez are granted. The remaining state law claims are dismissed without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 20, 2016