IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY JOHNSON,

    Plaintiff

vs.                                            Case No. 1:15-cv-07177

                                                Hon. Gary Feinerman

BRIAN LUTZOW, ROBERT GARZA,         JURY TRIAL DEMANDED
JAMES LAS COLAS, CHESTER BACH,
DAVE EVANS, EDWARD WINSTEAD,

Defendants.

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, ANTHONY JOHNSON, by and through his attorney Stephen L. Richards and makes the following complaint against Defendants BRIAN LUTZOW, ROBERT GARZA, JAMES LAS COLA, CHESTER BACH, DAVE EVANS, EDWARD WINSTEAD, and states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This action is brought pursuant to 42 U.S.C. Sec. 1983 to redress the deprivation under of law of Anthony Johnson's civil rights as secured by the United States Constitution.

2. This court has jurisdiction of the action pursuant to 28 U.S.C. Secs. 1331, 1343, 1367.

3. Venue is proper under 28 U.S.C. Sec. 1391(b).

1

## PARTIES

4. Plaintiff Anthony Johnson (hereafter also referred to as "Plaintiff") is a male person who is a United States Citizen and a resident of Cook County, Illinois.

5. Defendant Brian Lutzow is and at all times relevant to this suit a Detective in the Chicago Police Department. His Star Number is 21328. He is sued in his individual capacity.

6. Defendant Robert Garza is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

7. Defendant James Las Cola is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

8. Defendant Chester Bach is and at all times relevant to this suit a Detective in the Chicago Police Department. He is sued in his individual capacity.

9. Defendant Dave Evans is and at all times relevant to this suit an officer in the Chicago Police Department. He is sued in his individual capacity.

10. Defendant Edward Winstead is and at all times relevant to this suit Detective in the Chicago Police Department. He is sued in his individual capacity.

## PROCEDURAL HISTORY

11. On June 1, 2004, Anthony Johnson was arrested for the first degree murder of Brandon Baity, which took place on October 1, 2003.

12. October 10, 2007. Anthony Johnson was convicted of first degree murder by a jury, and subsequently sentenced to 30 years in the Illinois Department for Corrections.

13. On September 30, 2010, the appellate court, in a Rule 23 decision, reversed Anthony Johnson's conviction and remanded for a new trial.

14. On May 22, 2012, Anthony Johnson was again convicted by a jury of first degree murder.

15. On July 12, 2012 he was sentenced to 47 years in the Illinois Department of Corrections.

16. On December 31, 2014, the appellate court reversed his conviction outright, finding that the state had not proved beyond a reasonable doubt that Anthony Johnson was guilty of first degree murder. *People v. Anthony Johnson*, 2014 Ill App (1st) 122459-B.

## FACTUAL ALLEGATIONS

17. At 8 p.m. on December 4, 2003, Chicago police officers approached 17 year old Anthony Johnson on the street, took him into custody and transported him to a police station.

18. At the time Anthony Johnson was taken into custody, there was no probable cause for his arrest or reasonable suspicion for an investigatory stop.

19. Defendant James Las Colas held Anthony Johnson in custody, without probable cause, and interrogated him starting at 1 a.m. on December 5, 2003.

20. Detective James Las Colas interrogated Anthony Johnson without giving him *Miranda* warnings.

21. Defendant Edward Winstead held Anthony Johnson in custody, without probable cause, and interrogated him starting at 2:30 p.m. on December 5, 2003, lasting until 3 p.m. on December 5, 2003.

22. Defendant Edward Winstead interrogated Anthony Johnson without giving him Miranda warnings.

23. During the course of these interrogations, Anthony Johnson gave statements which were later used against him during trial.

24. In addition, detectives Winstead and Las Colas fabricated statements by Anthony Johnson which they later falsely testified to at trial.

25. These statements included the false allegation that Anthony Johnson told him that he drove the shooter, Clayton Sims, away from the scene.

26. After this interrogations, Winstead and Las Colas released Anthony Johnson when his lawyer arrived at the police station.

27. Detectives Winstead and Las Colas did not charge Anthony Johnson with any crime at that point.

28. On January 17, 2004, Anthony Johnson was arrested on separate charges and held in custody.

29. Nolan Swain was arrested on December 5, 2003 without probable cause by defendant Robert Garza, acting in concert with detective Edward Winstead. Swain was interrogated by detective Edward Winstead. Winstead held Nolan Swain without probable cause and interrogated him about the murder of Brandon Baity.

30. On May 7, 2004, Swain, together with other people, was picked up in a big drug sting and brought to a police station in Homan Square. He was beaten by police officers acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, James Las Colas and Edward Winstead. These officers punched him in the stomach and chest, kept him in an air conditioned room all night without clothes, and otherwise coerced him into signing a written statement implicating Anthony Johnson in the murder of Brandon Baity. Following this beating, he gave Chester Bach and Dave Evans a written statement implicating Anthony Johnson.

4

31. Defendants Bach, Evans, Lutzow, Las Colas, and Winstead were aware of the mistreatment of Swain and the fact that he had given a false statement.

32. During the course of the interrogations, Swain was promised leniency on the drug charges by the officers who beat him, and by detectives Brian Lutzow, Dave Evans, and Chester Bach, in return for implicating Anthony Johnson in the murder of Brandon Baity.

33. On May 8, 2004, Andreana Ann Turano Michiels, an Assistant States Attorney, interviewed Nolan Swain with detective Brian Lutzow and promised Swain leniency on his drug case if he implicated Anthony Johnson in the murder of Brandon Baity.

34. On May 7, 2004, Rufus Johnson was arrested during a big drug sweep by two detectives acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, James Las Colas, and Edward Winstead.

35. After his arrest, these detectives told Rufus Johnson that he should "help" himself.

36. Assistant State's Attorney Kevin Hughes, acting in concert with defendants Chester Bach, Dave Evans, Brian Lutzow, James Las Colas, Edward Winstead, was also present. The detectives told Rufus Johnson that there had been a couple of murders in his neighborhood and that if he wanted lesser jail time, that he should work with them. The detectives told Johnson that Assistant State's Attorney Kevin Hughes, who was present, was also going to be the prosecutor on his drug case. Assistant State's Attorney Kevin Hughes stated that he could not directly promise anything, but they would "help each other" and that "one hand washes the other" and that "when it's time for us to present it in court, I got you." The detectives started telling Johnson a narrative, and that if he wanted to help himself that he had "better say that this is the way it went." This was the first time that Johnson had heard of Baity being shot.

5

37. After speaking with these detectives, Johnson was transferred to another police station, where he spoke with defendant Andreana Ann Turano Michiels.

38. Johnson met with Turano Michiels at a desk in an open office area. It was past midnight on May 8, 2004, and Johnson had been in custody for over 12 hours, without food; except for some chips, and without anything to drink or a chance to nap. Johnson told Turano Michiels what he had been told to say by the detectives and the assistant States Attorney.

39. Turano Michiels told Johnson that he had no choice but to give a written statement implicating Anthony Johnson. Johnson did so.

40. On May 21, 2004, Rufus Johnson met with Margaret Ogarek, an assistant States Attorney.

41. Ogarek provided Johnson with a copy of his statement and told him to "attest to the things" he had said in his statement.

42. Johnson then testified before the grand jury consistently with his statement, implicating Anthony Johnson in the murder of Brandon Baity.

43. Although Rufus Johnson faced 9 to 45 years imprisonment for drug conspiracy, he pled guilty and accepted an offer of only 4 years imprisonment. The assistant state's attorney, Kevin Hughes, whom Johnson met-use when he was first arrested for the drug case was the same assistant state's attorney who was in court when the trial court accepted his plea deal on that case.

44. Later in May of 2004, defendants Winstead and Las Colas removed Anthony Johnson from Cook County jail and took him to a police station at 51st and Wentworth, first stopping at McDonald's.

6

45. At that time, Winstead and Las Colas were aware that there was no probable cause to charge Anthony Johnson for the Baity murder.

46. Winstead and Las Colas asked Anthony Johnson to speak with them again about the Baity murder.

47. Anthony Johnson refused.

48. After Anthony Johnson refused to speak about the Baity murder, Winstead told Johnson that he, Winstead, would see to it that Anthony Johnson was charged for the Baity murder and that he, Winstead, would see Anthony Johnson in court.

49. Las Colas was present when Winstead made this statement.

50. Following Anthony Johnson's refusal to speak with Winstead and Las Colas, Winstead and Las Colas fabricated police reports implicating Johnson in the Baity murder.

51. Acting in concert with defendants Robert Garza, Chester Bach and Dave Evans, Winstead and Las Colas persuaded officials in the Cook County States Attorney's office to bring false charges against Anthony Johnson.

52. At the instigation of Winstead, Las Colas and the other defendants, Anthony Johnson was falsely charged with first degree murder.

53. At Anthony Johnson's first trial for first degree murder, defendants Brian Lutzow, Robert Garza, James Las Cola, Chester Bach, Dave Evans, and Edward Winstead testified falsely against Anthony Johnson and thereby helped obtain his conviction.

54. At Anthony Johnson's second trial for first degree murder, defendants Brian Lutzow, Robert Garza, James Las Cola, Chester Bach, Dave Evans, and Edward Winstead, testified falsely against Anthony Johnson and thereby helped obtain his conviction.

7

## COUNT ONE

## FIFTH AMENDMENT VIOLATION AGAINST DEFENDANT JAMES LAS COLAS

## (ORIGINALLY COUNT THREE OF THE FIRST AMENDED COMPLAINT)

55. Plaintiff incorporates by reference all allegations previously made.

56. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

57. On September 4, 2011, Defendant James Las Colas interrogated Anthony Johnson without giving him the required Miranda warnings. This interrogation was in violation of Anthony Johnson's rights secured under the Fifth and Fourteenth Amendments of the Constitution of the United States.

58. Defendant James Las Colas unlawfully and maliciously interrogated Anthony Johnson without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

59. The statements allegedly made by Anthony Johnson were used against him at his second trial and were a proximate cause of his wrongful conviction.

60. The acts committed by defendant James Las Colas were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

61. WHEREFORE, Anthony Johnson prays for judgment against James Las Colas in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

COUNT TWO

FIFTH AMENDMENT VIOLATION AGAINST DEFENDANT EDWARD WINSTEAD
(ORIGINALLY COUNT FOUR OF THE FIRST AMENDED COMPLAINT)

62. Plaintiff incorporates by reference all allegations previously made.

63. Plaintiff re-alleges all prior paragraphs as if fully repleaded herein.

64. On September 4, 2011, Defendant Edward Winstead interrogated Anthony Johnson without giving him the required Miranda warnings. This interrogation was in violation of Anthony Johnson's rights secured under the Fifth and Fourteenth Amendments of the Constitution of the United States.

65. Defendant Edward Winstead unlawfully and maliciously interrogated Anthony Johnson without any legal right to do so, in his official capacity as a law enforcement officer, under color of state law, and acting within the scope of his employment.

66. The statements allegedly made by Anthony Johnson were used against him at his second trial and were a proximate cause of his wrongful conviction.

67. The acts committed by defendant Edward Winstead were done wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Anthony Johnson's constitutional rights and would cause harm to Anthony Johnson.

68. WHEREFORE, Anthony Johnson prays for judgment against Edward Winstead in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and

equitable.

**PENDANT STATE CLAIMS**

COUNT THREE

MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT EDWARD WINSTEAD
(ORIGINALLY COUNT TWENTY OF THE FIRST AMENDED COMPLAINT)

69. In May and June of 2004, defendant Edward Winstead, acting in concert with other defendants commenced the prosecution of Anthony Johnson by arresting him without probable cause, interrogating him, generating false police reports about him, by giving prosecutors false information about him, and testifying falsely against him.

70. Edward Winstead's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

71. Edward Winstead's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

72. The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

73. There was no probable cause for the indictment of Anthony Johnson.

74. In commencing the prosecution against Anthony Johnson, arresting him, interrogating him, and testifying falsely against him, Edward Winstead acted with malice towards plaintiff, and was motivated by hostility or ill will.

75. In particular, Winstead was motivated by Johnson's refusal to speak with Winstead when Winstead attempted to interrogate him for a second time.

76. As a result of Edward Winstead's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

77. WHEREFORE, Anthony Johnson prays for judgment against Edward Winstead in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT FOUR

### MALICIOUS PROSECUTION AGAINST DEFENDANT JAMES LAS COLAS
### (ORIGINALLY COUNT TWENTY ONE OF THE FIRST AMENDED COMPLAINT)

78. Plaintiff incorporates by reference all allegations previously made.

79. In May and June of 2004, James Las Colas, acting in concert with other defendants commenced the prosecution of Anthony Johnson by arresting him without probable cause, interrogating him, generating false police reports about him, by giving prosecutors false information about him, and by testifying falsely against him.

80. James Las Colas's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

81. James Las Colas's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

82. The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

83. There was no probable cause for the indictment of Anthony Johnson.

84. In commencing the prosecution against Anthony Johnson, arresting him, interrogating him, and testifying falsely against him, James Las Colas, acted with malice towards plaintiff, and was motivated by hostility or ill will.

85. In particular, Las Colas was motivated by Johnson's refusal to speak with Las Colas and Winstead when Winstead attempted to interrogate him for a second time.

86. As a result of Las Colas's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

87. WHEREFORE, Anthony Johnson prays for judgment against Las Colas in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT FIVE

### MALICIOUS PROSECUTION AGAINST DEFENDANT ROBERT GARZA

(ORIGINALLY COUNT TWENTY TWO OF THE FIRST AMENDED COMPLAINT)

88. Plaintiff incorporates by reference all allegations previously made.

89. On May and June of 2004, defendant Robert Garza, acting in concert with other defendants commenced the prosecution of Anthony Johnson by arresting him without probable cause.

12

90. Robert Garza's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

91. Robert Garza's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

92. The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

93. There was no probable cause for the indictment of Anthony Johnson.

94. In commencing the prosecution against Anthony Johnson by arresting him, Robert Garza acted with malice towards plaintiff, and was motivated by hostility or ill will.

95. As a result of Robert Garza's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

96. WHEREFORE, Anthony Johnson prays for judgment against Robert Garza in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT SIX

### MALICIOUS PROSECUTION AGAINST DEFENDANT CHESTER BACH

(ORIGINALLY COUNT TWENTY THREE OF THE FIRST AMENDED COMPLAINT)

97. Plaintiff incorporates by reference all allegations previously made.

98. On May 7, 2004, defendant Chester Bach, acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson.

99. Chester Bach's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

100. Chester Bach's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

101. The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

102. There was no probable cause for the indictment of Anthony Johnson.

103. In commencing the prosecution against Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson, Chester Bach acted with malice towards plaintiff, and was motivated by hostility or ill will.

104. As a result of Chester Bach's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

105. WHEREFORE, Anthony Johnson prays for judgment against Chester Bach in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT SEVEN

## MALICIOUS PROSECUTION AGAINST DEFENDANT DAVE EVANS

### (ORIGINALLY COUNT TWENTY FOUR OF THE FIRST AMENDED COMPLAINT)

106.　　Plaintiff incorporates by reference all allegations previously made.

107.　　On May 7, 2004, defendant Dave Evans, acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson.

108.　　Dave Evans's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

109.　　Dave Evans's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

110.　　The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

111.　　There was no probable cause for the indictment of Anthony Johnson.

112.　　In commencing the prosecution against Anthony Johnson by obtaining the false statement of Nolan Swain and Rufus Johnson, Dave Evans acted with malice towards plaintiff, and was motivated by hostility or ill will.

113.　　As a result of Dave Evan's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

114.　　WHEREFORE, Anthony Johnson prays for judgment against Dave Evans in a fair and just amount sufficient to compensate him for the injuries he suffered, plus,

Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

## COUNT EIGHT

### MALICIOUS PROSECUTION AGAINST DEFENDANT BRIAN LUTZOW

### (ORIGINALLY COUNT TWENTY FIVE OF THE FIRST AMENDED COMPLAINT)

115. Plaintiff incorporates by reference all allegations previously made.

116. On May 7, 2004, defendant Brian Lutzow, acting in concert with other defendants commenced the prosecution of Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson.

117. Brian Lutzow's actions played a significant role in the commencement and continuation of the prosecution of Anthony Johnson.

118. Brian Lutzow's actions proximately caused the commencement and the continuation of the prosecution of Anthony Johnson.

119. The prosecution was terminated in Anthony Johnson's favor by the appellate court's reversal of his conviction on December 31, 2014.

120. There was no probable cause for the indictment of Anthony Johnson.

121. In commencing the prosecution against Anthony Johnson by obtaining the false statements of Nolan Swain and Rufus Johnson, Brian Lutzow acted with malice towards plaintiff, and was motivated by hostility or ill will.

122. As a result of Brian Lutzow's actions, Anthony Johnson suffered damages: to wit: wrongful incarceration, attorney's fees, emotional distress, and other damages.

123. WHEREFORE, Anthony Johnson prays for judgment against Brian Lutzow in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Anthony Johnson seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such .other relief as this Court finds just and equitable.

17

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this honorable court to grant the Plaintiff ANTHONY JOHNSON judgment against all Defendants in a fair and just amount. Specifically the Plaintiff prays for both compensatory and punitive damages against all Defendants in addition to costs and reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff ANTHONY JOHNSON demands trial by jury for all the issues pleaded.

ANTHONY JOHNSON

Plaintiff,
/s/ Stephen L. Richards
By: Stephen L. Richards
Attorney for Plaintiff
53 West Jackson Suite 756

Chicago, IL 60604
773-817-6927
sricha5461@aol.com
Attorney No: 44481